IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM A. MCALPINE, | ) | CASE NO. 1:11CV0232 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES ATTORNEY | ) | AND ORDER |
| GENERAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff *pro se* William A. McAlpine filed this action under 42 U.S.C. § 1983 against Federal Defendants United States Attorney General and the United States Attorney for the Northern District of Ohio. Also, before the Court is his Motion to Proceed *In Forma Pauperis.* (Doc. 2). Plaintiff alleges that his armed services discharge, DD 214, contains incorrect facts. The document reflects he served a four year term when he enlisted for only two years; he was never in Fort Knox, Kentucky; the second ETS date is fraudulent; he was not in the army when he was convicted in Civil Court and 10 U.S.C. § 972 was incorrectly applied. Plaintiff asserts that the DD 214 was intentionally fabricated and fraudulent. He seeks equitable relief for 38 years of stressful suffering and injustices.

Although *pro* se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197

(6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Rule does not require "detailed factual allegations," but the complaint should contain more than an" unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading consisting of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* The complaint must include sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* Plausibility exists when the plaintiff pleads facts "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be more than a possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 557 (2007).

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid claim. *See Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). The United States Attorney General and the United States Attorney were not involved in the contents of Plaintiff's DD 214 and have no authority to correct it. Further, claims involving the armed services are within the jurisdiction of the Board of Veterans Appeals and the United States Court of Appeals for Veterans Claims. *Keel v. Nicholson*, 241 Fed. Appx. 702, 704 (C.A. Fed., 2007).

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. This action is

dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


Date:  March 21, 2011                               **S/Christopher A. Boyko**
                                                               CHRISTOPHER A. BOYKO
                                                               UNITED STATES DISTRICT JUDGE